UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
TRAVIS WOODS,                                           :
an individual,                                          :     CASE NO.: **6:21-cv-01124**
                                                        :
          Plaintiff,                                    :
                                                        :     Judge: **TJM**
vs.                                                     :
                                                        :
                                                        :     Magistrate: **ML**
                                                        :
200 SOUTH CAROLINE STREET LLC.                          :
                                                        :
          Defendant.                                    :
-------------------------------------------------------x

## COMPLAINT

Plaintiff, TRAVIS WOODS, by and through his undersigned counsel, hereby files this Complaint and sues 200 SOUTH CAROLINE STREET LLC. ("Defendant") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq*. ("NYSCRL"), and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  This is an action for compensatory damages and statutory damages pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq*. This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. Plaintiff, TRAVIS WOODS, (hereinafter referred to as "MR. WOODS"), is a resident of the State of New York, Oneida County.

5. MR. WOODS is a qualified individual with a disability under the ADA, the NYSHRL, and the NYSCRL.  MR. WOODS has paraplegia because of a spinal cord injury.

6. Due to his disability, MR. WOODS is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. WOODS is unable to walk, stand, or use his legs without assistance.

7. Upon information and belief, 200 SOUTH CAROLINE STREET LLC. is a limited liability corporation organized in the state of New York and doing business in Herkimer County.

8. Upon information and belief, 200 SOUTH CAROLINE STREET LLC. can be contacted at 1200 ULSTER AVENUE LLC, P.O. BOX 459, JERICHO, NEW YORK, 11753.

9. Upon information and belief, 200 SOUTH CAROLINE STREET LLC is the owner and/or lessor of the real properties and improvements generally located at 200 S Caroline St, Herkimer, NY 13350 (hereinafter referred to as "the Property").

10. The Property is a place of public accommodation, specifically a restaurant, and contains a KFC/Taco Bell fast food restaurant, with the municipal address of 200 S Caroline St, Herkimer, NY 13350 (hereinafter "KFC").

11. Defendant is obligated to comply with the ADA.

12. All events giving rise to this lawsuit occurred in the Northern District of New York, Herkimer County, New York.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

13. MR. WOODS realleges and reavers Paragraphs 1 - 12 as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located at 1801 Genesee Street, Utica, New York, 13501.

15. The Property is located about eleven (11) miles away from MR. WOODS's home.

16. MR. WOODS frequently travels past the Property due to its proximity to his home.

17. MR. WOODS desires to enter the KFC at the Property to purchase food and beverages.

18. MR. WOODS has desired to enter the KFC at the Property numerous times in the past and presently desires to enter it.

19. MR. WOODS has personally observed and is aware of mobility-related barriers at the Property, as discussed below in Paragraph 27.

20. MR. WOODS is aware that if he were to try to enter the KFC at the Property, he would experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers in Paragraph 27 of this Complaint, which still exist.

21. MR. WOODS is deterred from entering the Property due to the architectural barriers discussed in Paragraph 27 of this Complaint.

22. MR. WOODS intends to and will enter the KFC at the Property to utilize the goods and services in the future but fears that he will encounter the same barriers to access which are the subject of this action.

23. The barriers discussed below in Paragraph 27 are excluding MR. WOODS from the

programs, services, and activities offered at the KFC located on the Property.

24. The barriers discussed below in Paragraph 27 are excluding MR. WOODS from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the KFC located on the Property.

25. MR. WOODS plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

26. MR. WOODS presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

27. Upon information and belief, Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and the Property is not accessible due to, but not limited to, the following barriers, which presently exist:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A. The accessible-designated parking spaces serving the Property contain an impermissible cross slope;

        B. The access aisle that serves the accessible-designated parking spaces contains an impermissible cross-slope;

        C. The access aisle that serves the accessible-designated parking spaces protrudes into the adjacent public sidewalk;

        D. The accessible route from the accessible-designated parking is cracked, deteriorated, blocked by orange cones, and is unsafe; and

        E. Other mobility-related ADA barriers at the Property, both interior

and exterior, to be identified following a complete inspection of the Property.

28. MR. WOODS continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 27 are removed.

29. MR. WOODS intends to and will visit the Property to utilize the goods and services offered at the KFC in the future but fears that the Defendant will continue to discriminate against him by failing to modify the barriers at the Property.

30. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

31. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendant.

32. Upon information and belief, removal of the barriers to access located at the Property would provide MR. WOODS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations offered to the general public at the KFC.

33. Upon information and belief, Defendant has failed to adopt any alternatives to barrier removal which would provide MR. WOODS with equal access to the accommodations which are offered for public use at the KFC.

34. Independent of his intent to return as a patron to the Property, MR. WOODS additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

35. MR. WOODS has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
## (NEW YORK STATE EXECUTIVE LAW, §§ 296-297)

36. MR. WOODS hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

37. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendant is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 296(2).

38. N.Y. Exec. Law § 296(2) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

39. The conduct alleged herein discriminates against MR. WOODS on account of his disability.

40. The conduct alleged herein violates the NYSHRL, N.Y. Exec. Law § 296(2).

41. Defendant has violated the NYSHRL by depriving MR. WOODS of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered at the Property, namely the ability to enter into and purchase food and beverages from the KFC.

42. Defendant has violated the NYSHRL by failing to remove the architectural barriers at the

Property.

43. Defendant has further violated the NYSHRL by failing to make the Property accessible through alternative methods to barrier removal.

44. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendant.

45. Defendant's conduct has resulted in a cognizable injury to MR. WOODS.

46. MR. WOODS has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

47. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYSHRL, MR. WOODS has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, humiliation, loss of autonomy, and an invasion of his civil rights.

48. MR. WOODS prays for judgment for damages to pursuant to N.Y. Exec. Law § 297(4), and all other relief allowed by law.

## COUNT III - VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW
## (N.Y. Civ. Rights §§ 40-c and 40-d)

49. MR. WOODS hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

50. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendant is obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights § 40 *et seq*.

51. MR. WOODS has complied with the notice requirements of N. Y. Civ. Rights § 40-d, as notice of this action was served upon the attorney general prior to or concurrently with the

initiation of this suit.

52. Section 40 of the NYSCRL states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations. . . ."

53. Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution. . . ."

54. The conduct alleged herein discriminates against MR. WOODS on account of his disability.

55. The conduct alleged herein violates the NYSCRL.

56. Defendant has violated the NYSCRL by depriving MR. WOODS of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendant at the Property, namely the ability to enter into and purchase foods, beverages, and goods from the KFC.

57. Defendant has violated the NYSCRL section 40-c, *inter alia*, by subjecting MR. WOODS, as a person with a disability, to discrimination in his civil rights.

58. Defendant has further violated the NYSCRL by being in violation of the rights provided under the ADA and the New York State Human Rights Law, N.Y. Exec. Law § 296.

59. Defendant's conduct has resulted in a cognizable injury to MR. WOODS.

60. MR. WOODS has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

61. MR. WOODS prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including statutory damages, and all other relief allowed by law.

WHEREFORE, MR. WOODS demands judgment against Defendant, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by Defendant is in violation of the ADA, NYSHRL, and NYSCRL;

B. That this Court enter an Order directing Defendant to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order awarding MR. WOODS compensatory damages, as provided for in N.Y. Exec. Law § 297(4);

D. That this Court enter an Order awarding MR. WOODS statutory damages, as provided for in N.Y. Civ. Rights section 40-d;

E. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. WOODS, pursuant to 42 U.S.C. § 12205; and

F. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

*/s/ Andrew D. Bizer*
Andrew D. Bizer (NDNY # 520676)
Garret S. DeReus (NDNY # 703100)
*Attorneys for Plaintiff*
**Bizer & DeReus, LLC**
3319 St. Claude Ave.
New Orleans, LA 70117
Telephone: 504-619-9999;
Fax: 504-948-9996
andrew@bizerlaw.com